UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, et al.,<br><br>        Defendants. | Case No.: 6:25-cv-2409-MTK<br><br>DECLARATION OF ROBERT M. PENEZIC IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

**DECLARATION OF ROBERT M. PENEZIC**

I, ROBERT M. PENEZIC, make the following declaration under 28 U.S.C. § 1746:

  1.  I am a Branch Chief within the Office of Inspector General ("OIG"), U.S. Department of Health and Human Services ("HHS" or "Department"). OIG serves as HHS's independent oversight body, responsible for promoting economy, efficiency, and integrity and for preventing and detecting fraud, waste, and abuse in HHS programs and operations. In my role, I am responsible for supervising/overseeing OIG's affirmative enforcement activities, including exclusion matters.

  2.  I make this declaration based on personal knowledge acquired by me in the course of performing my official duties.

  3.  OIG conducts all exclusion matters in accordance with applicable statutory and regulatory authorities, including 42 U.S.C. § 1320a-7 and the implementing regulations at 42 C.F.R. Parts 1001 and 1005, which govern the exclusion process. Similarly, OIG conducts all enforcement proceedings in accordance with the applicable statutory and regulatory framework.

4. As of the date of this filing, OIG has not issued any notices of intent to exclude, issued any notices of exclusion, or commenced any exclusion proceedings based on the December 18, 2025, Secretarial Declaration regarding the Safety, Effectiveness, and Professional Standards of Care for Sex-Rejecting Procedures on Children and Adolescents ("Declaration").

5. OIG's regulations define "[p]rofessionally recognized standards of health care" as "Statewide or national standards of care, whether in writing or not, that professional peers of the individual or entity whose provision of care is an issue, recognize as applying to those peers practicing or providing care within a State. When the Department has declared a treatment modality not to be safe and effective, practitioners who employ such a treatment modality will be deemed not to meet professionally recognized standards of health care. This definition will not be construed to mean that all other treatments meet professionally recognized standards." 42 C.F.R. § 1001.2.

6. The Departmental declaration described in 42 C.F.R. § 1001.2's definition of "professionally recognized standards of health care" addresses situations in which HHS or a component agency has exercised specific statutory authority to determine that a treatment modality is not safe and effective.

7. The Declaration does not purport to exercise such specific statutory authority.

8. Therefore, the Declaration alone is not dispositive of "professionally recognized standards of health care" applicable in OIG exclusion proceedings under 42 C.F.R. § 1001.701(a)(2).

9. OIG's determination under 42 C.F.R. § 1001.701(a)(2)—that items or services furnished were excessive or of unacceptable quality—is made on the basis of information from multiple sources, which are listed in § 1001.701(b)(1)–(5).

10.     Accordingly, the Declaration is only one factor that OIG may consider in any exclusion proceeding.

11.     Under 42 C.F.R. § 1001.701, OIG's decision to initiate an exclusion investigation or issue a notice of intent to exclude is entirely discretionary and is based on the case-specific evaluation of the facts and circumstances of each case.

12.     Accordingly, the Declaration does not bind OIG's enforcement discretion.

Executed this 10th day of February 2026, Washington, D.C.

ROBERT PENEZIC
Digitally signed by ROBERT PENEZIC
Date: 2026.02.10 14:15:07 -05'00'

_____
ROBERT M. PENEZIC