# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12006-RGS

STATE OF WASHINGTON, *et al.*

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*

SUMMARY JUDGMENT ORDER

December 11, 2025

STEARNS, D.J.

For the reasons set forth in the court's accompanying memorandum, the court <u>ALLOWS</u> plaintiffs'[1] Motion for Summary Judgment and <u>ORDERS</u> the following:

1.     The court declares that the termination of the BRIC program is void and of no force or effect.

---

[1] Plaintiffs are the State of Washington; the Commonwealth of Massachusetts; the State of Arizona; the State of California; the State of Colorado; the State of Connecticut; the State of Delaware; the District of Columbia; the State of Illinois; Office of the Governor, *ex rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; the State of Maine; the State of Maryland; the State of Michigan; the State of Minnesota; the State of New Jersey; the State of New Mexico; the State of New York; the State of North Carolina; the State of Oregon; Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; the State of Rhode Island; the State of Vermont; and the State of Wisconsin, and their subdivisions and instrumentalities.

2. The court vacates and sets aside the termination of the BRIC program pursuant to 5 U.S.C. § 706(2).

3. The court permanently enjoins defendants (including Karen Evans, Secretary Noem, and their successors in officers, acting or confirmed, as well as their officers, agents, employees, attorneys, and any other persons in active concert or participation with them (under Fed. R. Civ. P. 65(d)(2)) as follows:

   a. Defendants are enjoined from implementing, adopting, giving effect to, reissuing, or reinstating under a different name the Hamilton Memo [Dkt # 96 at 43-44] and the April 4 Press Release [Dkt # 96 at 55] without Congressional authorization and approval.

   b. Defendants shall not take any further actions to terminate, shut down, cancel, freeze, suspend, or pause the BRIC program with respect to plaintiffs without Congressional authorization and approval.

   c. Defendants shall promptly take all steps necessary to reverse the termination of the BRIC program, including reversing any policies, memoranda, directives, or actions issued before this Order that were designed or intended, in

2

whole or in part, to implement, adopt, give effect to, comply with, or carry out the termination of the BRIC program.

d. Defendants are enjoined from obligating, using, expending, disbursing, transferring, or reprogramming funds set aside for FEMA's pre-disaster mitigation program[2] under 42 U.S.C. § 5133(i) or appropriated directly to FEMA's pre-disaster mitigation program, for purposes other than FEMA's pre-disaster mitigation program without Congressional authority and approval.

e. Nothing in this Order precludes defendants from requesting information regarding BRIC projects or otherwise analyzing the BRIC program, or allocating BRIC funds among qualified applicants in the ordinary exercise of the Secretary's discretion in the manner authorized by Congress, nor does it bar defendants from seeking legislative changes to the BRIC program, or recission of any appropriated funds, or recommending that Congress

---

[2] FEMA's pre-disaster mitigation program is the program authorized by 42 U.S.C. § 5133, which has gone by different names over time, including Pre-Disaster Mitigation (PDM) and BRIC.

terminate the BRIC program altogether in the future.

f.  Defendants shall provide written notice of this Order to all federal departments and agencies to which the Hamilton Memo or its directives, either therein or subsequently reissued, were communicated.

g.  The court retains jurisdiction to enforce this judgment.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE