TO:        Employees, including HHS-OIG, with responsibility for determining and making exclusions from federally funded health care programs
           U. S. Department of Health & Human Services
           U. S. Department of Health & Human Services Office of Inspector General
           Secretary Robert F. Kennedy, Jr.
           Inspector General Thomas March Bell

FROM:    Kathryn L. Alkire and Michelle R. Bennett

DATE:    April 21, 2026

SUBJECT:    Notice of Judgment, *Oregon. v. Kennedy*, 6:25-cv-2409-MTK (D. Or.)

---

### <u>NOTICE OF JUDGMENT</u>

You are hereby advised that the Court entered Judgment in the case of *Oregon v. Kennedy*, 6:25-cv-2409-MTK (D. Or.), ECF No. 94 (April 18, 2026). You are receiving this Notice of Judgment pursuant to the Court's directive that "[w]ithin seven calendar days of entry of this Judgment, Defendants' attorneys shall provide written notice of this Judgment to all Defendants and their employees, including HHS-OIG, with responsibility for determining and making exclusions from federally funded health care programs."

In this case, Plaintiffs—the States of Oregon, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Rhode Island, Vermont, Washington, and Wisconsin; the District of Columbia and the Commonwealth of Massachusetts; and Governor Josh Shapiro in his official capacity— challenged the Declaration of the Secretary of the Department of Health and Human Services RE: Safety, Effectiveness and Professional Standards of Care for Sex-Rejecting Procedures on Children and Adolescents dated December 18, 2025.

The Court entered declaratory judgment and injunctive relief. All Defendants—including their employees and contractors—must comply with the Judgment, which states in part:

> The Court holds unlawful, sets aside, and VACATES the Declaration of the Secretary of the Department of Health and Human Services RE: Safety, Effectiveness and Professional Standards of Care for Sex-Rejecting Procedures on Children and Adolescents dated December 18, 2025 (the Kennedy Declaration) as in excess of statutory authority, without observance of procedure require by law, and contrary to law.

> The Court DECLARES that Defendants lack the authority to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States. Defendants also lack the authority to exclude providers

1

from federal healthcare programs based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States.

The Court permanently ENJOINS Defendants and their officers, agents servants, employees, and attorneys, including those at the Office of Inspector General (HHS-OIG), from initiating enforcement action, enforcing, implementing, giving intent to, or relying, in whole or in part, on the Kennedy Declaration—or any materially similar policy which supersedes or purports to supersede the professionally recognized standards of care for gender-affirming care that exist in the Plaintiff States—against any provider in the Plaintiff States.

Please refer to the Judgment for its full terms. A copy of the Judgment and the Court's accompanying Opinion and Order are attached for reference. If you have any questions about the scope or effect of the Judgment, please contact your agency's Office of General Counsel or counsel for the Department of Justice.

2