KATHRYN L. ALKIRE
(FL Bar No. 1050146)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7743
Email: Kathryn.L.Alkire@usdoj.gov
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON, et al., | Case No.: 6:25-cv-2409-MTK |
| Plaintiffs, | |
| v. | DEFENDANTS' MOTION TO AMEND JUDGMENT |
| ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, et al., | |
| Defendants. | |

Defendants' Motion to Amend Judgment

**LOCAL RULE 7-1 CERTIFICATION**

Counsel for Defendants conferred in good faith with counsel for Plaintiffs in accordance with LR 7-1, and the Parties were unable to resolve the issues raised in this Motion. Plaintiffs indicated that they would state their position on this Motion in their responsive brief, to which Defendants will not oppose an extension of time until June 15, 2026, to allow for continued conferral between the Parties.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 59(e), Defendants file this motion and supporting memorandum to respectfully request that the Court amend the final Judgment entered on April 18, 2026, ECF No. 94, to clarify the scope of the declaratory judgment. Specifically, Defendants request that the Court enter the following amended declaratory judgment:

> 4. The Court DECLARES that, absent a separate grant of statutory authority to determine that a treatment modality is not safe or effective, Defendants lack the authority under 42 U.S.C. § 1320a-7 and 42 C.F.R. § 1001.2 to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States. Defendants also lack the authority under 42 U.S.C. § 1320a-7 and 42 C.F.R. § 1001.2 to exclude providers from federal healthcare programs under 42 U.S.C. § 1320a-7(b)(6)(B) based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States.[1]

---

[1] Defendants' proposed amendments to the declaratory judgment include only additions, which are indicated by underlined text.

Defendants' Motion to Amend Judgment

1

**MEMORANDUM**

Defendants respectfully submit this motion to request that the Court amend the Judgment, ECF No. 94 ("Judgment"), to clarify the scope of the declaratory judgment. On its face, the declaratory judgment inadvertently lacks a nexus to the relevant exclusion framework at issue in this case and fails to provide for HHS's other grants of statutory authority to declare a treatment modality not safe and effective. Without these necessary limitations, the declaratory judgment erroneously encompasses agency action that is not at issue in this case.

To be clear, Defendants do not advance new arguments or seek to relitigate the Court's ruling here. *See, e.g.*, *Arthur v. Murphy Co.*, Civ. No. 10-3142-CL, 2012 WL 13047758, at *2 (D. Or. Jan. 17, 2012) (collecting cases) ("A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" (quoting *Defs, of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995))).[2] Rather, Defendants understand the declaratory judgment to have inadvertently excluded these elements. Accordingly, Defendants respectfully request amendment of the declaratory judgment to (1) add a nexus to the relevant exclusion framework; and (2) acknowledge HHS's other grants of statutory authority to declare a treatment modality not safe and effective, the authority for which was not challenged in this case (and, indeed, was acknowledged by Plaintiffs).

---

[2] This is Defendants' first opportunity to address the language for the declaratory judgment. The Court ordered the Parties to submit simultaneous supplemental briefing on the discrete issue of whether it should grant the injunctive relief Plaintiffs requested for the first time in their omnibus opposition/reply. *See, e.g.*, ECF No. 89 at 6, n.5. The Court directed Plaintiffs to submit with their supplemental brief "a proposed judgment that includes proposed language for vacatur, declaratory relief, and injunctive relief." ECF No. 87. Since the Parties' supplemental briefs were both limited in scope and due on the same day, Defendants only had the benefit of responding to the injunction language Plaintiffs requested in their opposition/reply. Nonetheless, the language of the declaratory judgment differs from both Plaintiffs' requested declaratory judgment in their opposition/reply and their supplemental brief. *Contrast* Judgment at 2 *with* ECF No. 77 at 29 *and* ECF No. 90-1 at 2.

Defendants' Motion to Amend Judgment

## BACKGROUND

On April 18, 2026, the Court entered its Opinion & Order, ECF No. 93 ("Opinion"), and Judgment in this matter, ECF No. 94, in favor of Plaintiffs and against Defendants on Counts I, II, III, and IV of Plaintiffs' Amended Complaint, ECF No. 28. In doing so, the Court certified the Judgment as final as to those counts pursuant to Federal Rule of Civil Procedure 54(b). *See* Judgment ¶ 2. The Court vacated the Declaration of the Secretary of the Department of Health and Human Services RE: Safety, Effectiveness and Professional Standards of Care for Sex-Rejecting Procedures on Children and Adolescents, dated December 18, 2025 ("Kennedy Declaration") and issued declaratory and injunctive relief. In relevant part here, the Court declared that:

> Defendants lack the authority to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States. Defendants also lack the authority to exclude providers from federal healthcare programs based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States.

Judgment ¶ 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020). Modification of a final judgment is appropriate when "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake

Defendants' Motion to Amend Judgment

3

has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and observable.'" *de Borja v. Razon*, 340 F.R.D. 400, 409 (D. Or. 2021) (quoting *Brooks v. Tarsadia Hotels*, No. 3:18-cv-2290-GPC-KSC, 2020 WL 601643, at *5 (S.D. Cal. Feb. 7, 2020)); *see also Raya v. Calbiotech*, No. 3:18-cv-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019) ("[C]ourts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." (collecting cases) (quoting *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, No. 3:17cv233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999)).

## ARGUMENT

On its face, the declaratory judgment could be read to apply broadly outside HHS's exclusion authority under 42 U.S.C. § 1320a-7(b)(6)(B), the definitional provision in 42 C.F.R. § 1001.2, and the exclusion procedures in 42 C.F.R. § 1001.701. Defendants do not believe that the Court intended the declaratory judgment to have such overreaching effect. Thus, Defendants respectfully request modification of the declaratory judgment to clarify the appropriate scope by adding language that connects the declaratory judgment to the challenged action in this case. Specifically, Defendants request that the declaratory judgment be modified to reflect (1) a

Defendants' Motion to Amend Judgment

4

connection to the relevant exclusion framework; and (2) HHS's other grants of statutory authority to declare a treatment modality not safe and effective.

First, amendment is warranted because the declaratory judgment is untethered from the relevant exclusion framework. In this case, Plaintiffs only challenged the Kennedy Declaration and OIG's potential use of it to exclude a provider in the Plaintiff States from federal health care programs under 42 U.S.C. § 1320a-7(b)(6)(B), and the implementing regulations at 42 C.F.R. §§ 1001.2 and 1001.701. Those provisions establish the administrative framework governing exclusion determinations for a "standard-of-care exclusion," including a definition of "professionally recognized standards of health care," 42 C.F.R. § 1001.2, and the case-specific process through which OIG evaluates what that standard is and whether a provider furnished services that fail to meet those standards to warrant exclusion. The Kennedy Declaration likewise arose through the lens of that regulatory context and pertained only to standard-of-care exclusions. Indeed, the Kennedy Declaration identifies only 42 U.S.C. § 1320a-7(b)(6)(B) as a basis for exclusion. Kennedy Decl. § V.

Yet the declaratory judgment contains no nexus to the Kennedy Declaration, the applicable statutory basis for a standard-of-care exclusion, or the relevant implementing regulations. These inadvertent oversights amount to clear error, and they resulted in an overbroad and manifestly unjust declaratory judgment because it erroneously encompasses agency action that is not at issue in this case. *See Zimmerman, 255 F.3d at 740*. The Court should thus remedy this error by amending the declaratory judgment as shown above to include references to the relevant exclusion framework, namely 42 U.S.C. § 1320a-7, 42 C.F.R. § 1001.2, and 42 U.S.C. § 1320a-7(b)(6)(B).

Second, the declaratory judgment inadvertently encompasses circumstances where HHS may permissibly exercise specific grants of statutory authority. In moving for summary judgment,

Defendants' Motion to Amend Judgment

5

Plaintiffs argued that 42 C.F.R. § 1001.2 is a definitional provision that does not itself "provide any substantive grant of authority." Pls.' Mot. at 24, ECF No. 32. Instead, Plaintiffs explained that § 1001.2 applies where HHS sub-agencies are exercising specific grants of statutory authority. Plaintiffs identified one example when explaining that § 1001.2 "refers to instances HHS or a component agency has exercised specific statutory authority to pronounce a treatment safe and effective—for example, the FDA's authority to determine whether drugs and medical devices are safe and effective." *Id.* (citing 62 Fed. Reg. 47,182, 47,185 (Sep. 8, 1997)); Mar. 19, 2026 Hearing Transcript, 73:5–14 (discussing FDA's "safe or effective" authority in connection with the definitional provision); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("Rule 59(e) amendment may be particularly appropriate where . . . the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment."). Plaintiffs did not contest that § 1001.2 can be lawfully applied where such specific statutory authority exists.[3]

Accordingly, the entire scope of HHS's authority to declare a treatment modality not safe and effective was not at issue in this case, but the declaratory judgment does not appropriately reflect that limitation. On its face, the entire scope of agency action that may be impacted by this declaratory judgment cannot be identified, which also amounts to clear error and a manifestly unjust declaratory judgment. *See Zimmerman*, 255 F.3d at 740. The Court correctly refrained from undertaking any sort of hypothetical analysis to determine the entire scope of potential authority

---

[3] Similarly, Plaintiffs did not contest the ability of HHS OIG to exclude a particular provider under 42 U.S.C. § 1320a-7(b)(6)(B) where it is uncontroverted that the provider furnished "gender-affirming care" in a manner and quality that falls below what Plaintiffs would agree to be the "professionally recognized standards of care" in their States. Accordingly, Defendants do not understand anything in the Judgment to prevent HHS OIG from proceeding as it did before and determining on a case-by-case basis whether a provider should be excluded for furnishing sub-standard care as judged against "the professionally recognized standards of care for gender-affirming care that exist in the Plaintiff States." *See* Judgment, at 2.

Defendants' Motion to Amend Judgment

HHS may use in the future. Plaintiffs' proposed order accompanying their supplemental brief also carved out other exercises of agency authority by specifically limiting their proposed declaratory judgment to the nature of authority that the Kennedy Declaration purported to exercise. *See* ECF No. 90-1 ¶ 4. However, the Court entered a declaratory judgment that does not account for any separate grants of statutory authority. *See* Judgment ¶ 4. To clarify this point and remedy this error, the Court should amend the declaratory judgment by adding the language shown above to exclude circumstances where HHS has a separate, specific grant of statutory authority to determine a treatment modality is not safe or effective.

The accompanying Opinion does not provide the necessary clarity. Although the Opinion states that "none of the statutory provisions cited by the regulation provide Defendants with the unilateral authority to declare an entire treatment modality unsafe and ineffective," Opinion at 36, the declaratory judgment does not identify those statutory provisions that were at issue in this case. Additionally, in the section on Plaintiffs' statutory authority claim, the Opinion only discusses the definitional provision, 42 C.F.R. § 1001.2. *See id.* at 36–38. Similarly, the Opinion's remedy section discussing the declaratory judgment, where the language first appears, does not identify a nexus between the declaratory judgment and the relevant exclusion provisions. *See id.* at 42. The Opinion also fails to address HHS's other grants of statutory authority to declare a treatment modality not safe and effective. Even when construed together with the Opinion, the declaratory judgment remains untethered from the exclusion framework at issue and fails to account for the scope of HHS's separate authorities. The requested modifications are necessary to clarify the scope of the declaratory judgment and remedy that manifest injustice. *See Zimmerman*, 255 F.3d at 740. Although Rule 59(e) is an "extraordinary remedy, to be used sparingly," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), the errors in this case warrant amendment.

Defendants' Motion to Amend Judgment

7

**CONCLUSION**

For the forgoing reasons, Defendants respectfully request that the Court amend the final

Judgment as shown above to clarify the scope of the declaratory judgment.


Dated: May 18, 2026.                                    Respectfully submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General
                                                        Civil Division

                                                        MICHELLE BENNETT
                                                        Assistant Branch Director
                                                        Federal Programs Branch

                                                        /s/ *Kathryn Alkire*
                                                        KATHRYN L. ALKIRE
                                                        (FL Bar No. 1050146)
                                                        Trial Attorney
                                                        United States Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street NW
                                                        Washington, DC 20005
                                                        Phone: (202) 451-7743
                                                        E-mail: Kathryn.L.Alkire@usdoj.gov
                                                        *Attorney for Defendants*


Defendants' Motion to Amend Judgment