DAN RAYFIELD
Attorney General
ALLIE M. BOYD  #163478
BRIAN SIMMONDS MARSHALL #196129
LAUREN ROBERTSON #124362
Senior Assistant Attorneys General
KATE E. MORROW #215611
YOUNGWOO JOH #164105
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: allie.m.boyd@doj.oregon.gov
        brian.s.marshall@doj.oregon.gov
        lauren.robertson@doj.oregon.gov
        kate.e.morrow@doj.oregon.gov
        youngwoo.joh@doj.oregon.gov

Attorneys for the State of Oregon

[Additional counsel to appear on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON, et al., | Case No.  6:25-cv-02409-MTK |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT |
| v. | |
| ROBERT F. KENNEDY, JR., in his official capacity as the Secretary of the Department of Health and Human Services, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Defendants' motion to amend the judgment attempts to relitigate the merits of this case after they had a full and fair opportunity to raise these issues in the summary judgment proceedings, including post-hearing briefing. The Court's ruling made clear that the Secretary of HHS lacks statutory authority to set standards of care that supersede professional standards recognized by the Plaintiff States. Despite ample opportunity, Defendants identified no statute conferring such authority upon the Secretary. And yet Defendants now seek to preserve a

Page 1 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT

hypothetical exclusion authority that Defendants still fail to identify. Defendants' Motion should be denied.

Relying on that hypothetical and unidentified authority, Defendants ask this Court to confine its judgment to the framework contained in 42 U.S.C. § 1320a-7(b)(6)(B), 42 C.F.R. § 1001.2, and 42 C.F.R. § 1001.701. But this case has never been confined to those exclusion authorities. Instead, this litigation has focused on the Kennedy Declaration itself—which by its terms relies on "the authority vested in the HHS Secretary" to purportedly supersede other professionally recognized standards of care.  Indeed, the Secretary declared broadly that medical professionals or entities providing transgender healthcare for youth are out of compliance with "these standards of healthcare." Fraas Decl. Ex. 27 (ECF No. 83). Accordingly, the scope of Plaintiffs' claims challenges the broad scope of the Kennedy Declaration's asserted authority. The scope of the relief Plaintiff States sought, and the Declaratory Judgment the Court entered, flow from those claims.

Defendants' belated protest that this case only put at issue a single "relevant exclusion framework" is unpersuasive, and inappropriate for a motion under Rule 59(e). Defendants now mischaracterize the Kennedy Declaration's scope and abandon the arguments they made in defending that document—namely, that the document had no binding effect on exclusion proceedings because it merely represented Secretary Kennedy's personal opinion. This Court should deny Defendants' motion on procedural and substantive grounds. First, Defendants raise novel arguments that are improper for a motion under Rule 59(e) because they could have raised these arguments earlier in the litigation. Second, the Secretary's claim to broad authority to set superseding standards of care was the central issue before the Court, and the Declaratory Judgment, declaring that no such authority exists, is appropriate in its scope.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a "motion to alter or amend a judgment." "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843,

Page 2 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

850 (9th Cir. 2022) (quotation marks omitted). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* Although "[d]istrict courts have considerable discretion in deciding Rule 59(e) motions," *id.*, those motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Sec. Nat'l Ins. Co. v. Constr. Assocs. of Spokane, Inc.*, No. 2:20-cv-00167-SMJ, 2021 WL 784805, at *1 (E.D. Wash. Mar 1, 2021) ("Courts generally disfavor motions for reconsideration" and do not allow them to "be used to present new arguments or evidence that could have been raised earlier.") (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *Knoa Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

### III.    ARGUMENT

**A.    Defendants raise new arguments that are improper for a Rule 59(e) motion.**

The Court should deny Defendants' motion because Defendants raise new legal arguments that they could have raised earlier in this litigation. A motion to amend "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (2001).

In their briefing in this case, in lieu of arguing that the Secretary did in fact have authority to set superseding standards of care by which to exclude providers from participating in federal health care programs, Defendants repeatedly asserted that the Kennedy Declaration was *not exercising any statutory authority*. *See, e.g.*, Def's Resp. to Mot. for Summ. J. (ECF No. 74) at 12 ("The Declaration reflects only the Secretary's non-binding opinion, which does not establish the standard of care applicable to exclusion proceedings"); *id.* at 19 ("the Kennedy Declaration reflects only the Secretary's non-binding opinion" that "does not establish the standard of

Page 3 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT

care."); *id.* at 30 ("the Court need not decide whether the Secretary possesses the authority to unilaterally declare that provision of a particular treatment is legally sufficient grounds for exclusion" because the Declaration "does not claim any authority to do so and does not in fact do so."). Defendants now request that the Court amend the Declaratory Judgment because it "lacks a nexus to the relevant exclusion framework at issue in this case and fails to provide for HHS's other grants of statutory authority to declare a treatment modality not safe and effective." Mot. to Amend J. at 2 (ECF No. 96). But in making this request, Defendants argue for the first time that the Secretary does in fact have authority to set superseding standards of care by which Defendants can exclude providers from participating in federal health care programs, and the Judgement will improperly abrogate such authority.

On the first point, Defendants attempt to narrow the scope of the Judgment by arguing that Plaintiffs had only challenged the Kennedy Declaration in the context of OIG exclusion proceedings, and that the Declaration "arose through the lens of that regulatory context and pertained only to standard-of-care exclusions." (ECF No. 96 at 5). But Defendants never raised that argument in their motion for summary judgment or motion to dismiss. Rather, Defendants insisted that "[t]he Secretary, just like anyone else, has the right to share his non-binding opinion on the safety and efficacy of certain pediatric and adolescent treatment modalities," and accordingly, "the Declaration communicates an evaluative judgment about the medical evidence; it does not, standing alone, prescribe conduct or determine legal consequences." (ECF No. 74 at 29); *see also* Mar. 19, 2026 Hr'g Tr. 28:5-11 (Defendants' Counsel: "That's in -- inapposite to action from the agency that has any type of binding force. This is [Secretary Kennedy's] opinion after reviewing the medical research that's cited within. And the opinion that he has formed is that certain types of treatments do not meet professionally recognized standards of care and they're not supported by the greater weight of the evidence."). This disclaimer of any legal effect is fundamentally at odds with Defendants' new argument that the Kennedy Declaration is an exercise of a specific exclusion authority.

Page 4 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

On the second point, Defendants raise a separate novel argument: that the Declaratory Judgment "encompasses circumstances where HHS may permissibly exercise specific grants of statutory authority." (ECF No. 96 at 5). But Defendants raised no such argument either in prior briefing or at oral argument, instead arguing that no statutory authorities were implicated by the Kennedy Declaration:

> The Court need not decide whether the Secretary possesses the authority to unilaterally declare that provision of a particular treatment is legally sufficient grounds for exclusion or otherwise exercise supervision or control over the practice of medicine, because the agency action Plaintiffs challenge here does not claim any authority to do so and does not in fact do so.

(ECF No. 74 at 30); *see also* Tr. 75:14-16 (Defendants' counsel: "Our position is that the Declaration is not citing some type of authority to regulate the practice of medicine, because that's not what it is doing.").

Even in their motion to amend the judgment, Defendants continue to dodge the question of whether there are any statutory grants of authority under which the Secretary could exclude providers from participation in federal health care programs by setting a superseding standard of care. Defendants' motion cites only Plaintiffs' own example of a Food and Drug Administration regulation regarding determinations about the safety and efficacy of drugs and medical devices— an example for which Defendants still do not identify an underlying statutory authority that would be implicated by the Declaratory Judgment, namely because this regulation does not grant FDA the authority to set a national standard of medical care. (ECF No. 96 at 6). Moreover, Defendants could have made that argument in the two briefs it filed before the hearing, at the hearing itself, or in the supplemental brief they filed afterward. They chose not to, instead arguing at every opportunity that the Kennedy Declaration exercised no statutory authority at all.

Neither of Defendants' new arguments for amending the Declaratory Judgment in this case were raised in Defendants' prior briefs or at the hearing. Rule 59(e) is not the vehicle by which to raise legal arguments for the first time. Defendants chose to take the position that the Kennedy Declaration was a non-binding statement merely expressing the Secretary's opinion; now that their litigation position has been rejected, they cannot seek to relitigate the case under

AB9/om1/1020471109

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

an entirely new theory that the Kennedy Declaration was rooted in, and only in, the exclusion framework under 42 U.S.C. § 1320a-7. The Court can and should deny Defendants' Rule 59(e) motion on this basis alone.

## B.    The Declaratory Judgment should not be amended.

Even if Defendants' new arguments were properly before the Court, their motion should still be denied. Defendants advance two arguments to amend the Declaratory Judgment: (1) "the declaratory judgment is untethered from the relevant exclusion framework"; and (2) "the declaratory judgment inadvertently encompasses circumstances where HHS may permissibly exercise specific grants of statutory authority." (ECF No. 96 at 5). Both arguments fail.

### 1.    Legal Standard for Declaratory Judgment

"A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (internal quotations omitted). "[D]eclaratory relief is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Eureka Federal Sav. & Loan Ass'n v. American Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231 (9th Cir. 1989) (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)). In the context of claims brought under the Administrative Procedure Act ("APA"), declaratory relief is appropriate where executive agencies fail "to offer substantial reassurance that they will not reprise their actions." *See Washington v. Dep't of Transp.*, No. 2:25-CV-00848-TL, 2026 WL 183584, *26 (W.D. Wash. Jan. 23, 2026) (citing recent APA cases where courts have granted declaratory judgment).

### 2.    In the circumstances of this case, the Declaratory Judgment should not be limited to a specific statutory authority.

Contrary to Defendants' assertions, the Declaratory Judgment directly addresses the issues that the parties placed before the Court, which concerned the Secretary's authority to set

Page 6 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

superseding standards of care broadly, not just his authority to set standards for OIG exclusion proceedings under 42 U.S.C. § 1320a-7(b)(6)(B). At every turn of this litigation, the parties and the Court have considered the broad exercise of unauthorized executive power by the Secretary.

First, the Kennedy Declaration itself does not limit itself to any statutory authority. In its preamble, the Declaration states: "I, Robert F. Kennedy, Secretary of the U.S. Department of Health and Human Services (HHS), *pursuant to my authority and responsibilities under federal law*, and pursuant to 42 C.F.R. § 1001.2, hereby declare as follows." (emphasis supplied). Then, Section D titled "Legal Authority for this Declaration" states: "This declaration is issued pursuant to the authority vested in the HHS Secretary, and is informed by 42 C.F.R. § 1001.2." In addition to generic proclamations of unidentified authority, this reliance on 42 C.F.R. § 1001.2, which defines "professionally recognized standards of health care," only further underscores the Declaration's intended broad scope. The stated purpose of this regulation is to "specify certain bases upon which individuals and entities may, or in some cases must, be excluded from participation in Medicare, Medicaid and all other Federal health care programs," and it applies to "the Office of Inspector General (OIG) in imposing and proposing exclusions, as well as to Administrative Law Judges (ALJs), the Departmental Appeals Board (DAB), and federal courts in reviewing the imposition of exclusion by the OIG (and, where applicable, in imposing exclusions proposed by the OIG)." 42 C.F.R. § 1001.1. Thus, the only codified authority that the Declaration invokes contemplates a broad application of standards of care, and does not even purport to be confined to the authorities under 42 U.S.C. § 1320a-7.

Second, in response to the Declaration's broad claim of authority, Plaintiffs' lawsuit challenged the Secretary's statutory authority to set standards of care that supersede professional standards recognized by the Plaintiff States. That challenge was not confined to 42 U.S.C.§ 1320a-7(b)(6)(B). In Plaintiffs' operative complaint, they alleged the Kennedy Declaration was an exercise of authority that Congress did not vest in the Secretary "to define the professionally established standard of care" (ECF No. 28 at ¶ 4). Plaintiffs specifically alleged that "[t]he Kennedy Declaration exceeds the Secretary's authority because it purports to set a

Page 7 -   PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT

national standard of care, but there is no statute that permits the Secretary of HHS to do so," and

that, in fact, "[n]o statute allows the Secretary to unilaterally declare that a treatment modality is

not safe and effective and thus grounds for exclusion from the program." (ECF No. 28 at ¶93).

And Plaintiffs brought this issue squarely before the Court in their Motion for Summary

Judgment, arguing again that "[n]o statute grants the Secretary of HHS authority to unilaterally

declare that a treatment modality is not safe and effective or that providing their treatment is

legally sufficient grounds for exclusion from the program." (ECF No. 32 at 14).

Plaintiffs also properly placed the scope of declaratory judgment before the Court. On

summary judgment, Plaintiffs argued that "the Court should enter declaratory judgment to clarify

that Defendants lack the authority to establish superseding standards of care to exclude providers

from federal health care programs" because such relief was necessary to "alleviate the significant

uncertainty caused by [Defendants'] conduct." Reply ISO Mot. for Summ. J. (ECF No. 77) at 31.

Plaintiffs sought this declaratory relief because Defendants claimed that they maintain the

authority to exclude providers from federal health care programs for provision of medically

necessary transgender health care regardless of the Kennedy Declaration. *Id.*

And, until now, Defendants did not take the position that the Secretary relied on

42 U.S.C. § 1320a-7(b)(6)(B) or 42 C.F.R. § 1001.2 as authority for the Declaration. In

Defendants' summary judgment briefing,[1] their argument was that "the Declaration [] does not

exceed the Secretary's statutory authority because, contrary to Plaintiffs' allegations, the

Declaration does not unilaterally declare that provision of a particular treatment is legally

sufficient grounds for exclusion or otherwise exercise supervision or control over the practice of

medicine." (ECF No. 74 at 12). Thus, neither Plaintiffs' nor Defendants' briefing indicated that

the issue before the Court was limited to whether the Secretary had statutory authority to issue

the Declaration under 42 U.S.C. § 1320a-7(b)(6)(B) or 42 C.F.R. § 1001.2. The Court did not

commit "clear error" in failing to consider an argument that Defendants did not advance.

---

[1] Defendants submitted identical memoranda of law for their Response to Plaintiffs' Motion for Summary Judgment and their Motion to Dismiss, but Plaintiffs will refer simply to the Response for the purposes of this briefing. *See* ECF No. 73 at 2.

Page 8 -   PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

Last, the Court's Opinion & Order correctly considered the scope of declaratory judgment to redress Defendants' unlawful actions. Declaratory judgments must be based upon the issues immediately before the Court. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325 (1936). "What separates a declaratory judgment from an advisory opinion is 'the settling of some dispute which affects the behavior of the defendant towards the plaintiff.'" *Rodriguez Vasquez v. Hermosillo*, 816 F.Supp.3d 1234, 1243 (W.D. Wash. January 14, 2026) (quoting *City & County of San Francisco v. Garland*, 42 F.4th 1078, 1087 (9th Cir. 2022)). The Court's Opinion & Order explains why the scope of the declaratory judgment is necessary to redress Defendants' actions toward the Plaintiffs:

> [A] declaratory judgment is appropriate here because such relief will serve a useful purpose in clarifying and settling the question of Defendants' authority to unilaterally establish a superseding standard of care for the provision of gender-affirming care to minors. It will also afford Plaintiffs relief from the uncertainty, insecurity, and controversy caused [by] the Kennedy Declaration's unprecedented overreach of authority, intrusion upon state sovereignty, and damage to Plaintiffs' provider networks and one of their most vulnerable populations: transgender minors.

Opinion & Order (ECF No. 93) at 42.

Thus, the Declaratory Judgment encompasses the appropriate scope of Defendants' authority because it directly addresses the broader question the parties placed before the Court. Plaintiffs argued that Defendants lack *any* authority to unilaterally establish standards of care that supersede professionally recognized standards for provision of gender-affirming care recognized in the Plaintiff States. The Court appropriately found for Plaintiffs, and Defendants' Motion should be denied.

### 3.    The Declaratory Judgment should not be amended based on hypothetical and unidentified statutory authority.

Defendants' argument that the Declaratory Judgment inadvertently encompasses circumstances where HHS may permissibly exercise specific grants of statutory authority also fails—chiefly because Defendants cannot identify any such circumstances. In neither their briefing nor in their Motion to Amend Judgment have Defendants identified any alternative statutory authority upon which the Secretary may unilaterally establish superseding standards of

Page 9 -    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

care or exclude providers from participating in federal health care programs on that basis. On this point, the Court stated:

> Defendants have failed to invoke *any* statutory authority that authorizes the Kennedy Declaration, much less an "unmistakably clear" one that would be required to supplant states' authority to regulate medical conduct. Indeed, the Medicare statute specifically states that it *shall not* "be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided." 42 U.S.C. § 1395.

(ECF No. 93 at 37) (emphasis in original).

Defendants cannot credibly argue that the Declaratory Judgment infringes upon the Secretary's authority without identifying any instance of infringement. In their Motion, Defendants point only to Plaintiffs' own example that the FDA exercises some regulatory authority to declare a drug or medical device to not be safe or effective. (ECF No. 96 at 5). But Defendants do not articulate how the Declaratory Judgment unlawfully infringes upon that function of the FDA. Nor can they—determinations as to the safety and efficacy of particular drugs or devices pursuant to the applicable regulations do not "unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States." Moreover, as every district court that has considered this question has found, investigation of medical providers for potential violation of FDCA in connection with provision of gender-affirming care is improper.[2] Thus, to the extent Defendants might wish to use prosecution under the FDCA as a basis to exclude providers from federal programs "based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States," that would be the precise type of harm at issue in this case. This demonstrates that the Court correctly found the

---

[2] *See QueerDoc, PLLC v. U.S. Dep't of Just.,* 807 F. Supp. 3d 1295, 1303–04 (W.D. Wash. 2025); *In re Admin. Subpoena No. 25-1431-019,* 800 F. Supp. 3d 229, 239 (D. Mass. 2025); *In re Subpoena Duces Tecum No. 25-1431-016,* No. 2:25-mc-00041-JHC, 2025 WL 3562151, at *12–13 (W.D. Wash. Sept. 3, 2025); *In re Dep't of Just. Admin. Subpoena No. 25-1431-030,* No. 25-mc-00063-SKC-CYC, 2026 WL 33398, at *11 (D. Colo. Jan. 5, 2026); *In re Children's Nat'l Hosp.,* No. 1:25-cv-03780-JRR, 2026 WL 160792, at *8 (D. Md. Jan. 21, 2026); *In re Subpoena No. 25-1431-014,* 810 F. Supp. 3d 555, 580 (E.D. Pa. 2025); *In re 2025 UPMC Subpoena,* No. 2:25-MC-01069-CB, 2026 WL 570419 (W.D. Pa. Mar. 2, 2026); *In re Admin. Subpoena 25-1431-032,* No. 1:26-mc-0007-MSM-AEM, 2026 WL 1392565 (D. R. I. May 14, 2026).

AB9/om1/1020471109

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Declaratory Judgment and the resulting injunction, as written, are necessary to afford the Plaintiffs full relief.  Accordingly, Defendants' Motion should be denied.

## IV.    CONCLUSION

Defendants' Rule 59(e) motion improperly advances new legal arguments. Defendants also fail to articulate any legal error upon which the Court should amend the judgment. For these reasons, Defendants' Motion should be denied.

DATED: June 15, 2026

Respectfully submitted,

<table>
<tr><td>

**DAN RAYFIELD**
Attorney General
State of Oregon

By: *s/ Allie M. Boyd*
ALLIE M. BOYD #163478
BRIAN SIMMONDS MARSHALL #196129
LAUREN ROBERTSON #124362
Senior Assistant Attorneys General
KATE E. MORROW #215611
YOUNGWOO JOH #164105
Assistant Attorneys General
Tel (503) 947-4700
Fax (503) 947-4791
allie.m.boyd@doj.oregon.gov
brian.s.marshall@doj.oregon.gov
kate.e.morrow@doj.oregon.gov
youngwoo.joh@doj.oregon.gov
lauren.robertson@doj.oregon.gov

*Attorneys for the State of Oregon*

</td><td>

**NICHOLAS W. BROWN**
Attorney General
State of Washington

By: *s/ William McGinty*
WILLIAM MCGINTY
CRISTINA SEPE
MARSHA CHIEN
Deputy Solicitors General
LAURYN K. FRAAS
MOLLY POWELL
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Tel (206) 464-7744
william.mcginty@atg.wa.gov
cristina.sepe@atg.wa.gov
marsha.chien@atg.wa.gov
lauryn.fraas@atg.wa.gov
molly.powell@atg.wa.gov

*Attorneys for the State of Washington*

</td></tr>
</table>

Page 11 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**LETITIA JAMES**
Attorney General
State of New York

By: *s/ Matthew Faiella*
MATTHEW FAIELLA
Special Counsel for LGBTQIA Rights
GALEN SHERWIN
Special Counsel for Reproductive Rights
RABIA MUQADDAM
Chief Counsel for Federal Initiatives
TRAVIS W. ENGLAND
Deputy Chief, Civil Rights Bureau
ELIZABETH A. BRODY
Assistant Solicitor General
VICTORIA OCHOA
Assistant Attorney General
28 Liberty St.
New York, NY 10005
Tel (212) 416-8000
matthew.faiella@ag.ny.gov
galen.sherwin@ag.ny.gov
rabia.muqaddam@ag.ny.gov
travis.england@ag.ny.gov
elizabeth.brody1@ag.ny.gov
victoria.ochoa@ag.ny.gov

*Attorneys for the State of New York*

**PHILIP J. WEISER**
Attorney General
State of Colorado

By: *s/ Sarah H. Weiss*
SARAH H. WEISS, CBA #61914
Senior Assistant Attorney General
MICHAEL D. MCMASTER, CBA #42368
Assistant Solicitor General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
Tel (720) 508-6000
sarah.weiss@coag.gov
michael.mcmaster@coag.gov

*Attorneys for the State of Colorado*

**ROB BONTA**
Attorney General
State of California

By: *s/ Crystal Adams*
CRYSTAL ADAMS
Deputy Attorney General
NELI PALMA
Senior Assistant Attorney General
NIMROD PITSKER ELIAS
Supervising Deputy Attorney General
HILARY BURKE CHAN
Deputy Attorney General
1515 Clay St., Suite 2000
Oakland, CA 94612
Tel (408) 679-7010
crystal.adams@doj.ca.gov
neli.palma@doj.ca.gov
nimrod.elias@doj.ca.gov
hilary.chan@doj.ca.gov

*Attorneys for the State of California*

**WILLIAM TONG**
Attorney General
State of Connecticut

By: *s/ Alma Nunley*
ALMA NUNLEY
Special Counsel for Reproductive Rights
165 Capitol Ave
Hartford, CT 06106
Tel (860) 808-5020
alma.nunley@ct.gov

*Attorney for the State of Connecticut*

Page 12 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

By: *s/ Ian R. Liston*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Tel (302) 683-8899
ian.liston@delaware.gov
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

By: *s/ Kaliko'onālani D. Fernandes*
DAVID D. DAY
Special Assistant to the Attorney General
KALIKO'ONĀLANI D. FERNANDES
Solicitor General
425 Queen Street
Honolulu, HI 96813
Tel (808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*

**AARON M. FREY**
Attorney General
State of Maine

By: *s/ Kevin J. Beal*
KEVIN J. BEAL, Maine Bar No. 7294
Assistant Attorney General
Office of the Attorney General
111 Sewall Street, 6th Floor
6 State House Station
Augusta, ME  04333-0006
Tel (207) 626-8800
kevin.beal@maine.gov

*Attorneys for the State of Maine*

**BRIAN L. SCHWALB**
Attorney General
District of Columbia

By: *s/ Samantha Hall*
SAMANTHA HALL
Assistant Attorney General
Office of the Attorney General for the District
of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
Tel (202) 788-2081
samantha.hall@dc.gov

*Attorneys for the District of Columbia*

**KWAME RAOUL**
Attorney General
State of Illinois

By: *s/ Aleeza Strubel*
ALEEZA STRUBEL
Complex Litigation Counsel
ELIZABETH B. SCOTT
Assistant Attorney General
ELENA S. METH
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St., 35th Floor
Chicago, IL 60603
Tel (773) 914-3046
aleeza.strubel@ilag.gov
elizabeth.scott@ilag.gov
elena.meth@ilag.gov

*Attorneys for the State of Illinois*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

By: *s/ Lauren Gorodetsky*
LAUREN GORODETSKY
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
Tel (410) 576-7057
lgorodetsky@oag.maryland.gov

*Attorneys for the State of Maryland*

Page 13 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

**ANDREA JOY CAMPBELL**
Attorney General
Commonwealth of Massachusetts


By: *s/ Allyson Slater*
ALLYSON SLATER
Director, Reproductive Justice Unit
ADAM M. CAMBIER
JAK KUNDL
CHLOE CABLE
MORGAN CARMEN
Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
Tel (617) 963-2811
allyson.slater@mass.gov
adam.cambier@mass.gov
jak.kundl@mass.gov
chloe.cable@mass.gov
morgan.carmen@mass.gov


*Attorneys for the Commonwealth of Massachusetts*


**KEITH ELLISON**
Attorney General
State of Minnesota

By: *s/ Lindsey E. Middlecamp*
LINDSEY E. MIDDLECAMP
Special Counsel
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
Tel (651) 300-0711
lindsey.middlecamp@ag.state.mn.us

*Attorneys for the State of Minnesota*

**DANA NESSEL**
Attorney General
State of Michigan

By: *s/ Neil Giovanatti*
NEIL GIOVANATTI
DANIEL PING
Assistant Attorneys General
Michigan Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
Tel (517) 335-7603
giovanattin@michigan.gov
pingd@michigan.gov


*Attorneys for the State of Michigan*


**AARON D. FORD**
Attorney General
State of Nevada

By: *s/ K. Brunetti Ireland*
K. BRUNETTI IRELAND
Chief of Special Litigation
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Attorneys for the* State *of Nevada*

Page 14 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
AB9/om1/1020471109

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: *s/ Lauren E. Van Driesen*
LAUREN E. VAN DRIESEN
JESSICA L. PALMER
Deputy Attorneys General
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel (609) 696-5279
lauren.vandriesen@law.njoag.gov
jessica.palmer@law.njoag.gov

*Attorneys for the State of New Jersey*

**JOSH SHAPIRO in his official capacity as Governor of the Commonwealth of Pennsylvania**

By: *s/ Aimee D. Thomson*
JENNIFER SELBER
General Counsel
AIMEE D. THOMSON
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
Tel (223) 234-4986
aimeethomson@pa.gov

*Attorneys for Governor Josh Shapiro*

**CHARITY R. CLARK**
Attorney General
State of Vermont

By: *s/ Jonathan T. Rose*
JONATHAN T. ROSE
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov

*Attorneys for the State of Vermont*

**RAÚL TORREZ**
Attorney General
State of New Mexico

By: *s/ Amy Senier*
AMY SENIER, MBA# 672912
Senior Counsel
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Tel (505) 490-4060
asenier@nmdoj.gov

*Attorneys for the State of New Mexico*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

By: *s/ Julia C. Harvey*
JULIA C. HARVEY, RI Bar No. 10529
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2103
jharvey@riag.ri.gov

*Attorneys for the State of Rhode Island*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

By: *s/ Jody J. Schmelzer*
JODY J. SCHMELZER
Assistant Attorney General
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707
(608) 266-3094
jody.schmelzer@wisdoj.gov

*Attorneys for the State of Wisconsin*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000