UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STATE OF OREGON, *et al.*,

Plaintiffs,

v.

ROBERT F. KENNEDY, JR., *in his official capacity as Secretary of the Department of Health and Human Services, et al.*,

Defendants.

Case No. 6:25-cv-02409-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiffs filed this lawsuit alleging that Defendants violated the Administrative Procedure Act, 5 U.S.C. § 706(2), by issuing a declaration entitled "Safety, Effectiveness, and Professional Standards of Care for Sex-Rejecting Procedures on Children and Adolescents." Am. Compl. Ex. A, ECF No. 28. Before the Court is Defendants' Motion to Amend Judgment. ECF No. 96. For the reasons below, Defendants' motion is denied.

## BACKGROUND

This case relates to Defendant Health and Human Services Secretary Robert F. Kennedy, Jr.'s issuance of a Declaration entitled "Safety, Effectiveness, and Professional Standards of Care

for Sex-Rejecting Procedures on Children and Adolescents" (the "Kennedy Declaration") which declared in relevant part as follows:

> Sex-rejecting procedures for children and adolescents are neither safe nor effective as a treatment modality for gender dysphoria, gender incongruence, or other related disorders in minors, and therefore, fail to meet professional [*sic*] recognized standards of health care.

Am. Compl. Ex. A at 9. The Kennedy Declaration also expressly stated that it "supersedes" other established standards of care. *Id.* at 2-3. The Kennedy Declaration then noted that certain individuals and entities may be excluded from participation in Federal Healthcare Programs under 42 U.S.C. § 1320a-7(b)(6)(B) if they provide healthcare below the standard of care. *Id.* at 9-10. Plaintiffs are several states and the District of Columbia who alleged that, for numerous reasons, the Kennedy Declaration was both procedurally and substantively unlawful.

A complete background of the facts underlying this action is set forth in detail in the Court's April 18, 2026 Opinion and Order. *See* ECF No. 93. As relevant to the instant motion, the Kennedy Declaration included a statement of "Legal Authority for This Declaration," which cited broadly "authority vested in the HHS Secretary" and Defendant Secretary Kennedy's "authority and responsibilities under federal law," along with specific references to 42 U.S.C. § 1320a-7(b)(6)(B) and 42 C.F.R. § 1001.2. *Id.* at 1-2. Plaintiffs challenged Defendants' broad assertion of authority in their Amended Complaint, specifically alleging under Count 3:

> The Kennedy Declaration exceeds the Secretary's authority because it purports to set a national standard of care, but there is no statute that permits the Secretary of HHS to do so. No statute allows the Secretary to unilaterally declare that a treatment modality is not safe and effective and thus grounds for exclusion from the program.

Am. Compl. ¶ 93. Likewise, Plaintiffs' Motion for Summary Judgment argued that "[n]o statute grants the Secretary of HHS authority to unilaterally declare that a treatment modality is not safe and effective." Pls.' Mot. for Summ. J. 14, ECF No. 32. Defendants' responsive briefing and its own motion were largely premised on the assertion that the Kennedy Declaration did not do what

it explicitly said it did but instead represented Defendant Secretary Kennedy's "non-binding opinion on the safety and efficacy of certain pediatric and adolescent treatment modalities." Defs.' Opp. to Pls.' Mot. for Summ. J. 29, ECF No. 74. Defendants cited no statute authorizing Defendant Secretary Kennedy to unilaterally establish standards of care superseding professionally-recognized standards of care for provision of gender-affirming care, as the Kennedy Declaration explicitly attempted to do.

The Court granted summary judgment for Plaintiffs on Counts 1-4 of their Amended Complaint. As to Plaintiffs' Count 3, the claim relevant to this motion, the Court explained: "The Court agrees with Plaintiffs that Defendants have failed to invoke *any* statutory authority that authorizes the Kennedy Declaration, much less an 'unmistakably clear' one that would be required to supplant states' authority to regulate medical conduct." Op. and Order 37, ECF No. 93. Among other relief, the Court found that declaratory relief was appropriate "because such relief will serve a useful purpose in clarifying and settling the question of Defendants' authority to unilaterally establish a superseding standard of care for the provision of gender-affirming care to minors." *Id.* at 42. The Court issued the following declaratory relief:

> The Court DECLARES that Defendants lack the authority to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States. Defendants also lack the authority to exclude providers from federal healthcare programs based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States.

Judgment 2, ECF No. 94.

## STANDARD

A district court may reconsider and amend a previous judgment under Fed. R. Civ. P. 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Reconsideration is appropriate in only a narrow set of circumstances where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**DISCUSSION**

Defendants ask the Court to amend its declaratory judgment to "clarify the scope of the declaratory judgment" by adding the below underlined text to the existing language:

> The Court DECLARES that, absent a separate grant of statutory authority to determine that a treatment modality is not safe or effective, Defendants lack the authority under 42 U.S.C. § 1320a-7 and 42 C.F.R. § 1001.2 to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States. Defendants also lack the authority under 42 U.S.C. § 1320a-7 and 42 C.F.R. § 1001.2 to exclude providers from federal healthcare programs under 42 U.S.C. § 1320a-7(b)(6)(B) based on their provision of gender-affirming care in a manner and quality consistent with the professionally recognized standards of care in the Plaintiff States.

Defs.' Mot. to Amend J. 1. Defendants contend that entry of the Court's existing declaratory judgment amounts to clear error because it "fails to provide for HHS's other grants of statutory authority to declare a treatment modality not safe and effective" and therefore encompasses agency action not at issue in this case. *Id.* at 2.

Defendants attempt to rewrite the history of this case and the issues litigated in it. As set forth in the relevant background above, the issue of whether Defendants have the authority to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States was squarely at issue in this case, because that is what the Kennedy Declaration purported to do. At issue in Count 3 of Plaintiffs' Amended Complaint was whether Defendants have statutory authority to take that action, and the Court concluded that "Defendants have failed to invoke *any* statutory authority

that authorizes the Kennedy Declaration." Op. and Order 37. Even now, in their briefing on their Motion to Amend Judgment, Defendants fail to identify any hypothetical authority authorizing that which the Kennedy Declaration attempted to do, and which the Court found Defendants lacked statutory authority to do.

Indeed, the Court already considered and rejected Defendants' similar argument on this point. During oral argument, Defense Counsel argued that any attempt by the Court to "weigh in on the limits of what the Secretary's authority could be," Tr. 81:4-7, would be advisory because the Kennedy Declaration did not attempt to exercise any authority at all. In response, the Court explained:

> The absence of his invocation of authority doesn't mean that he's not attempting to exercise some kind of authority, but perhaps is it unlawful? And that's the reason why we're here. . . As [Plaintiffs' Counsel] has pointed out, there are references to exercising authority as the Health and Human Services Secretary. ***So I'm here to answer the question does he have authority as he describes that he has in this . . . Declaration or does he not.***

Tr. 83:6-14 (emphasis added). Defendants' Motion to Amend is simply another repackaged version of this same argument and improperly seeks to relitigate the same issue. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matter'") (citation omitted).

In sum, Defendants' Motion to Amend is premised on a continued willful ignorance to the issues raised in Plaintiffs' Amended Complaint and the contents of the Kennedy Declaration. With respect to Plaintiffs' Count 3, the Court concluded that Defendants lacked any statutory authority to do that which the Kennedy Declaration purported to do: to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care in the Plaintiff States. That is the language included in the existing declaratory judgment. Contrary to Defendants' contention, the declaratory judgment is firmly

tethered to the issues presented to and decided by the Court in this action. Defendants fail to identify any clear error in the Court's judgment or any other basis under Rule 59(e) and their Motion to Amend Judgment is accordingly denied.

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Amend Judgment (ECF No. 96) is DENIED.

DATED this 17th day of September 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge